MASON ex rel. CHIN SUEY v. TILLING-
HAST, Commissioner of Immigration.

Circuit Court of Appeals, First Circuit.
May 31, 1928.

No. 2175.

1. **Habeas corpus ⟨⟨113(12)—By appeal from order dismissing alien's petition for writ of habeas corpus, whole case is brought before court.**

By appeal from order dismissing petition for a writ of habeas corpus and remanding relator to custody of immigration authorities, by whom he was held for deportation, the whole case, including proceedings before Board of Special Inquiry and Board of Review at Washington, is brought before Circuit Court of Appeals for determination.

2. **Aliens ⟨⟨32(8)—Right to admission as foreign-born son of native-born citizen held not established.**

Finding of Board of Review that discrepancies in testimony were of sufficient importance to warrant a holding that relationship of applicant for admission to United States to his alleged father, a native-born citizen, was not satisfactorily established *held* supported by evidence.

3. **Bastards ⟨⟨1—Citizens ⟨⟨9—Children of secondary wives are not legitimate, and are not born "citizens," if born abroad, though father was American citizen (8 USCA § 6).**

Children of secondary wives are not legitimate, and therefore cannot be born citizens of the United States, if born abroad, although father was an American citizen, since Rev. St. § 1993 (8 USCA § 6), relative to citizenship of children born out of limits and jurisdiction of the United States, applies to legitimate children only, and determines status of child as of the time of his birth, and declares him to be a "citizen," provided his father is a citizen of the United States and shall have resided therein.

[Ed. Note.—For other definitions, see Words and Phrase, First and Second Series, Citizen.]

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Application for a writ of habeas corpus by Anne Mason, on the relation of Chin Suey, against Anna C. M. Tillinghast, Commissioner of Immigration. From an order of dismissal, petitioner appeals. Affirmed.

Walter Bates Farr, of Boston, Mass. (Everett Flint Damon, of Boston, Mass., on the brief) for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and BREWSTER, District Judge.

JOHNSON, Circuit Judge. This case is here upon an appeal from the order of the District Court of the United States for the District of Massachusetts, dismissing a petition for a writ of habeas corpus and remanding the relator to the custody of the immigration authorities, by whom he was held for deportation.

The errors assigned are that the court erred in ruling that the action of the immigration authorities in denying the admission of the relator was not arbitrary and unfair, and in failing to consider conclusive evidence that Chin Suey was the lawful son of an American citizen, which refusal was alleged to be arbitrary, oppressive, and illegal.

Chin Suey, a boy 11 years of age, applied at the port of Boston for admission to the United States on June 18, 1927. He claimed admission as the foreign-born son of a native-born citizen, Chin Ming. The Board of Special Inquiry was not satisfied that the applicant had established his relationship to his alleged father, Chin Ming, and he was refused admission.

Upon appeal the Board of Review at Washington held that the facts found by the Board of Special Inquiry were "of sufficient importance to warrant a holding that the applicant's relationship to his alleged father is not satisfactorily established. However, there is one adverse feature of even more importance than the discrepancies referred to. The alleged father claims to have been married twice; his first wife being Wong Shee, and his second being Lee Shee. He now claims that his first wife died in K. S. 29 (1903), and that he had only one son, Chin Oon, by her, and that he married Lee Shee in C. R. 4–1, between the 10th and 20th days (February 23 to March 5, 1915). He claims that the present applicant and two younger sons are his children by that woman. He testified in 1923 that his first wife, Wong Shee, died in C. R. 10 (1921), and that he was married to Lee Shee on C. R. 11–2–12 (March 10, 1922). Chin Oon, when applying for admission in 1920, testified that his mother, Wong Shee, was then living, and the alleged father testified likewise. In 1923 the alleged father had claimed that his two oldest sons, Chin Un (Oon) and Chin Shew (Suey), were both sons of his first wife. As already indicated, he now says positively that Chin Suey is the son of his second wife, and the present applicant insists that he is the son of Lee Shee, and not of Wong Shee. If the applicant is the son of his alleged fa-

ther's second wife, Lee Shee, it would appear that she must have been a secondary wife, taken by the applicant's alleged father during the lifetime of his first wife, and that this applicant was born to her while she was only a secondary wife. The attorney has contended that this is the case and that his birth was legitimated by his mother becoming the first, or legitimate, wife of his father after the death of the first wife. If this were conceded, however, it would not make Chin Suey a citizen of the United States, for the reason that the children of secondary wives are not regarded as legitimate according to American law, and hence are not born citizens, if born abroad."

Because of this ruling only we are asked to reverse the excluding decision and it is stated to be the only question presented for our consideration.

[1] By the appeal the whole case is brought before us, and it will be noted that the Board of Review held that the discrepancies which appeared in the testimony before the Board of Special Inquiry were "of sufficient importance to warrant a holding that the applicant's relationship to his alleged father is not satisfactorily established."

[2] Upon an examination of the record we are satisfied that we could not find that the decision of the Board of Special Inquiry was not supported by any material evidence so that it was arbitrary and unfair, and we think that the finding of the Board of Review that the discrepancies in the testimony were "of sufficient importance to warrant a holding that the applicant's relationship to his alleged father is not satisfactorily established" is supported.

[3] The ruling of the Board of Review, which is attacked by counsel for the relator, is therefore immaterial. We agree, however, that children of secondary wives are not legitimate, and therefore could not be born citizens of the United States, if born abroad, although the father was an American citizen. Without some express provision of the statute, they would not fall within it, even if the father and the secondary wife married after the death of the first wife.

Revised Statutes, § 1993, Comp. St. 1916, § 3947, reads as follows:

"All children heretofore born or hereafter born out of the limits and jurisdiction of the United States, whose fathers were or may be at the time of their birth citizens thereof, are declared to be citizens of the United States; but the rights of citizenship shall not descend to children whose fathers never resided in the United States." 8 USC A § 6.

The statute applies to legitimate children only, and no provision is made in it in regard to the citizenship of illegitimate children who may be thereafter legitimated by marriage. It determines the status of the child as of the time of his birth, and declares him to be a citizen of the United States, provided his father is a citizen thereof and shall have resided therein. See Guyer v. Smith, 22 Md. 239, 85 Am. Dec. 650.

The Circuit Court of Appeals in the Ninth Circuit reached the same conclusion in Ng Suey Hi v. Weedin, 21 F.(2d) 801, although it went further and decided that, if it were conceded that illegitimate children would become citizens by subsequent legitimation by their parents, there was no evidence of such legitimation in that case.

The order of the District Court is affirmed.